**ORIGINAL**

BY FAX

ELIZABETH DAY (SBN 177125)
eday@feinday.com
YAKOV ZOLOTOREV (SBN 224260)
yzolotorev@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
401 Florence Street, Suite 200
Palo Alto, CA 94301
Telephone: 650.618.4360
Facsimile: 650.618.4368

Attorneys for Non-Party
APPLE INC.

**Filed**

JAN 2 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT C.
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 13 80018 MISC LHK HRL

PARKERVISION, INC.,

Plaintiff,

v.

QUALCOMM INCORPORATED,

Defendant.

---

QUALCOMM INCORPORATED,

Counterclaim Plaintiff,

v.

PARKERVISION, INC. AND STERNE, KESSLER, GOLDSTEIN & FOX PLLC,

Counterclaim Defendants.

MISC. CASE NO.

Pending in the United States District Court for the Middle District of Florida as
Case No. 3:11cv719-J-37TEM

**NON-PARTY APPLE INC.'S NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFF/COUNTERCLAIM DEFENDANT PARKERVISION, INC.'S SUBPOENA DUCES TECUM**

Date:   t/b/d
Time:   t/b/d
Dept.:  t/b/d
Judge:  t/b/d

PLEASE TAKE NOTICE THAT on _____ at _____, or as soon thereafter as non-party Apple Inc. ("Apple") may be heard before this Court, Apple will and hereby does move to quash a third party subpoena *duces tecum* served upon it by ParkerVision, Inc.

---

FEINBERG DAY
ALBERTI &
THOMPSON LLP
PALO ALTO

APPLE INC.'S NOTICE OF MTN AND MTN TO QUASH PARKERVISION'S SUBPOENA - MISC. CASE NO.

("ParkerVision"), and further moves for a protective order.

Pursuant to F.R.C.P Rule 45 (c), non-party Apple requests the Court to quash ParkerVision's subpoena *duces tecum* to Apple for being untimely, invalid and void because it was served by ParkerVision weeks after the fact discovery deadline in the underlying case, Case No. 3:11cv719-J-37TEM pending in the Middle District of Florida, where ParkerVision is the plaintiff. In addition, to prevent ParkerVision from harassing non-party Apple with further untimely discovery, Apple requests that the Court enter a protective order.

Dated: January 28, 2013

FEINBERG DAY ALBERTI & THOMPSON LLP

By: _____
Elizabeth Day
Yakov Zolotorev

Attorneys for Non-Party
APPLE INC.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLE INC.'S MOTION TO QUASH PLAINTIFF/COUNTERCLAIM DEFENDANT PARKERVISION, INC.'S SUBPOENA DUCES TECUM AND MOTION FOR PROTECTIVE ORDER

## I. ISSUES TO BE DECIDED

Apple requests the Court to decide whether ParkerVision's subpoena to Apple is untimely, invalid and therefore should be quashed because it was served by ParkerVision without any justification weeks after the fact discovery cutoff in the underlying case, Case No. 3:11cv719-J-37TEM pending in the Middle District of Florida.

## II. ARGUMENT

### A. Statement of Facts

The present matter arises from a patent infringement complaint filed by ParkerVision against Qualcomm, Inc. ("Qualcomm") on or about July 20, 2011, in the Middle District of Florida, Case No. 3:11cv719-J-37TEM ("the Florida Case"). *See* Declaration of Yakov Zolotorev in Support of Apple Inc.'s Motion to Quash ParkerVision's Subpoena *Duces Tecum* ("Zolotorev Decl."), ¶ 2, Ex. A. The court in the Florida Case issued an Amended Case Management and Scheduling Order ("Amended Case Management Order") dated May 10, 2012. *See* Zolotorev Decl., ¶ 3, Ex. B. The Amended Case Management Order set a fact discovery deadline of November 30, 2012. *Id.*, Ex. B at 2. On or about October 4, 2012, the parties in the Florida Case filed a joint motion to extend discovery deadlines. *Id.*, ¶ 4, Ex. C. Among other issues, the parties in the Florida Case requested the court to extend the fact discovery deadline to December 31, 2012. *Id.*, Ex. C at 2. On December 24, 2012 the court in the Florida Case, in response to the joint motion, issued a Second Amended Case Management and Scheduling Order ("Second Amended Case Management Order") modifying some deadlines, but leaving others, including the fact discovery cutoff of November 30, 2012, as set forth in the Amended Case Management Order. *Id.*, ¶ 5, Ex. D at 2-3. As a result, the Second Amended Case Management Order affirmed the November 30, 2012 fact discovery cutoff deadline.

On or about November 29, 2012, just one day before the close of fact discovery in the Florida Case, ParkerVision served on Apple a first subpoena *ad testificandum* generally relating

to certain Apple products alleged by ParkerVision to contain certain Qualcomm chipsets and technologies. ("First Subpoena") *Id.*, Ex. E. Almost a month later, on December 21, 2012 ParkerVision withdrew the First Subpoena following a telephonic meet and confer conference with an in-house attorney at Apple. *See* Declaration of Jackie Harlow in Support of Apple Inc.'s Motion to Quash ParkerVision's Subpoena *Duces Tecum* ("Harlow Decl."), ¶¶ 2-4, Ex. 1. That same day, over ***three*** **weeks** ***after*** the close of fact discovery in the Florida Case, ParkerVision served by email and process server a second subpoena ("Second Subpoena"), this time *duces tecum*, but generally covering the same subject matter as set forth in the withdrawn First Subpoena. *See* Harlow Decl., ¶¶ 4-6, Ex. 2.

**B.     ParkerVision's Subpoena Should Be Quashed As Untimely and Invalid**

This Court should quash the Second Subpoena as invalid and void because it was served by ParkerVision many weeks after the close of fact discovery in the Florida Case. "Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case." *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999); *see also, e.g., Marvin Lumber & Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443, 445 (D. Minn. 1997) (subpoenas under Rule 45, invoking the authority of the court to obtain the pretrial production of documents and things, are discovery within the definition of Fed.R.Civ.P. 26(a)(5) and are therefore subject to the time constraints that apply to all other methods of formal discovery); *Rice v. United States*, 164 F.R.D. 556, 558 (N.D. Okl. 1995) (subpoenas *duces tecum* for particular records, issued to third parties after close of discovery for purposes of discovering impeachment material, were quashed as improper attempt to engage in discovery after designated time period). As explained by one court that granted a motion for a protective order prohibiting a party from serving Rule 45 subpoenas after the close of fact discovery, "to allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing

1    a case for Trial, to continued involvement in the discovery." *Marvin Lumber*, 177 F.R.D. at 445.

2    A small number of cases in other jurisdictions have held that Rule 45 subpoenas are not
3    subject to the discovery periods set under Rule 26; however, "California federal courts and the
4    majority of jurisdictions hold that . . . requests for production of documents and things under Rule
5    45 constitute pre-trial discovery and must be served within the designated discovery period.
6    *nSsight, Inc. v. PeopleSoft, Inc.*, WL 988807 at *3 (N.D. Cal. Apr. 13, 2006). The *nSight* Court
7    elaborated that the only exception is where a party seeks a *trial* subpoena under Rule 45. *Id.* at
8    *2-3. This exception is inapplicable here – the Second Subpoena is without a doubt a pre-trial
9    discovery subpoena, as evidenced by the fact that it seeks production of documents in Cupertino,
10   California on January 28, 2013, thousands of miles and many months away from the September
11   19, 2013 trial date in the Florida Case. *See* Harlow Decl., Ex. 2 at 1; Zolotorev Decl., Ex. D at 2.

12   ParkerVision's Second Subpoena is an improper attempt to obtain discovery beyond the
13   discovery period. *nSight*, WL 988807 at *3. ParkerVision had been aware of the November 30,
14   2012 fact discovery cutoff at least since May 10, 2012, the date of the Amended Case
15   Management Order. Yet, ParkerVision chose to wait until a single day before the close of
16   discovery to issue its First Subpoena, and issued the Second Subpoena that is the subject of the
17   present motion well after the fact discovery cutoff. ParkerVision's inexcusable attempt to engage
18   in post-discovery case investigation violates both the letter and the spirit of the Federal Rules of
19   Civil Procedure and must be rejected. The Second Subpoena should be quashed, and the Court
20   should enter a protective order preventing ParkerVision from issuing further untimely discovery.
21   *nSight*, WL988807 at *4 ("Plaintiff is improperly attempting to obtain additional discovery after
22   the discovery cut-off. Plaintiff seeks the authority of the Court to engage in what the Court finds
23   to be post-discovery case investigation. However, using the Court's subpoena power for this
24   purpose is improper. Accordingly, the Court finds that Plaintiff's subpoena *duces tecum*
25   constitutes pre-trial discovery and is, therefore, untimely.") (internal citations omitted).

26   ///
27   ///
28   ///

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that ParkerVision's Second Subpoena be quashed as untimely and invalid, and that the Court enter a protective order prohibiting ParkerVision from issuing further untimely discovery to non-party Apple.

Dated: January 28, 2013          FEINBERG DAY ALBERTI & THOMPSON LLP

By: _____
Elizabeth Day
Yakov Zolotorev

Attorneys for Non-Party
APPLE INC.